Slip Op. 09-119

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| ——————————————— | : | |
| ALLOY PIPING PRODUCTS, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **Before: Judith M. Barzilay, Judge** |
| UNITED STATES, | : | **Consol. Court No. 08-00027** |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| TA CHEN STAINLESS STEEL PIPE | : | |
| CO., LTD., | : | |
| | : | |
| Defendant-Intervenor. | : | |
| ——————————————— | : | |

## OPINION & ORDER

[Defendant's Remand Determination is not supported by substantial evidence and is, therefore, remanded.]

Dated: October 20, 2009

*Kelley Drye & Warren, LLP* (*Jeffrey S. Beckington, David A. Hartquist*), for Plaintiffs.

*Tony West,* Assistant Attorney General; *Jeanne E. Davidson,* Director, *Reginald T. Blades, Jr.,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Stephen C. Tosini*); *Daniel J. Calhoun,* Attorney-International, Of Counsel, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for Defendant.

*Squire, Sanders & Dempsey LLP* (*Peter J. Koenig*), for Defendant-Intervenor.

**Barzilay, Judge:**  This case returns to the court following the U.S. Department of Commerce's ("Commerce") remand determination on the thirteenth administrative review of an antidumping duty order covering stainless steel butt-weld pipe fittings from Taiwan.  *Final Results of Redetermination Pursuant to Remand*, A-583-816 (June 16, 2009), Admin. R. Pub. Doc. 1928 ("*Remand Determination*").  Earlier this year, the court affirmed in part and remanded in part Commerce's review of the subject antidumping duty order.[1]  *Alloy Piping Prods., Inc. v. United States*, Slip Op. 09-29, 2009 WL 983078 (CIT Apr. 14, 2009).  The remand order to Commerce centered on the calculation of the profit adjustment to the Constructed Export Price ("CEP"), a component of the dumping margin equation.  On remand, Commerce again has determined that the evidence on the record does not warrant a profit adjustment to the CEP. *Remand Determination* at 1.  Defendant-Intervenor Ta Chen Stainless Steel Pipe Co., Ltd. ("Ta Chen") contests this finding, arguing instead that the total actual costs used by Commerce to calculate the profit adjustment do not adequately account for certain imputed costs.[2]  The court finds Commerce's remand determination not supported by substantial evidence and remands the agency's review of the subject antidumping duty order for a second time.

---

[1] The court presumes familiarity with the previous decision, including the history and context of the administrative review at issue.

[2] On June 18, 2009, Plaintiffs Alloy Piping Products, Inc., Flowline Division of Markovitz Enterprises, Inc., Gerlin, Inc., and Taylor Forge Stainless, Inc. (collectively, "Plaintiffs") informed the court by letter that they support Commerce's analysis of the remanded issue and that they would no longer actively participate in the case.  Pls. Letter 1.

### I.  Subject Matter Jurisdiction & Standard of Review

A civil action commenced under 19 U.S.C. § 1516a falls within the exclusive purview of

the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1581(c).  In reviewing an

administrative review determination, the Court must hold unlawful any determination

"unsupported by substantial evidence on the record, or otherwise not in accordance with law."

§ 1516a(b)(1)(B)(i).  To support its factual findings with substantial evidence, an agency must

explain the standards that it applied and demonstrate a rational connection between the facts on

the record and the conclusions drawn.  *See Matsushita Elec. Indus. Co. v. United States*, 750 F.2d

927, 933 (Fed. Cir. 1984).  "[W]hile [the] explanations do not have to be perfect, the path of [the

agency's] decision must be reasonably discernible to a reviewing court."  *NMB Sing. Ltd. v.

United States*, 557 F.3d 1316, 1319 (Fed. Cir. 2009).

### II.  Discussion

Commerce again determined that the evidence on the record does not warrant a profit

adjustment to the CEP.  *See Remand Determination* at 3-8.  Ta Chen disputes this finding,

arguing instead that Commerce (1) impermissibly applies a *per se* application of its standard

methodology for calculating the CEP profit adjustment; (2) fails to address all relevant and

material facts on the record; (3) dismisses the alternative calculation methodologies that Ta Chen

proposed without a rational explanation; and (4) provides analysis in the *Remand Determination*

to support the conclusion that the standard methodology does not account for imputed costs.[3]  Ta

---

[3] Ta Chen also contests certain aspects of the standard methodology used by Commerce
to calculate the profit adjustment to CEP.  Ta Chen. Br. 13-40.  The court affirmed the legal
validity of the standard methodology absent certain conditions in its previous opinion, and the
court therefore will not address these arguments.  *Alloy Piping Prods., Inc.* 2009 WL 983078, at
*9 ("The legal validity of this kind of CEP profit methodology employed by the agency here is

Chen Br. 6-12.  Because the court cannot reasonably discern the link between the facts in the

record and the conclusions reached by Commerce, the court remands the agency's determination

for a second time.

      Commerce does not explain meaningfully why the standard methodology that the agency

normally employs to determine a profit adjustment to the CEP adequately accounts for Ta Chen's

imputed costs under the facts of the subject review.  Instead, Commerce provides a

comprehensive report on its standard methodology, a history of the agency's practices on the

issue, and a thorough exposition as to why Commerce regards the particular methodology as the

most accurate.  *Remand Determination* at 3-8.  Throughout the determination, Commerce

principally focuses on the legal validity of the standard methodology, and the agency ultimately

concludes, allegedly in response to the court's remand order, "that the continuance of calculating

CEP profit based on actual expenses per the statute, . . . and our regulations, . . . is appropriate."

*Id*. at 3.  Commerce's analysis misses the point, especially in light of the court's explicit

statement in its previous opinion that the standard methodology was not in issue on remand.

      The agency fails anew to provide a rational explanation to support the application of the

standard methodology to the facts on the record.  When Commerce addresses the evidentiary

concerns raised by Ta Chen, the agency shifts from an abstract analysis of the methodology to

conclusory statements, such as, "the recognized net expenses account for the extent to which Ta

Chen incurs inventory carrying cost[s] and credit costs related to the collection of accounts

receivable, among other financial or economic costs," without providing additional explanation

---

not at issue; rather, Commerce fails to directly address Ta Chen's claim that, in the thirteenth
administrative review, the exclusion of imputed costs in the CEP profit calculation renders Ta
Chen's actual costs inaccurate.") (footnote omitted).

for its conclusion.  *Id.* at 7.  In another example, Commerce rejects Ta Chen's claims that "a

significant discrepancy between actual costs and imputed costs during the period of review"

indicates distortion because Ta Chen supposedly based those assertions "on calculations

examining only a portion of the company's total actual expenses."  *Id*. at 9.  However, Commerce

goes on to support that conclusion with an accounting principle instead of supplying evidence

from the record, leaving the court unable to discern some connection between the facts and the

agency's conclusion.  *See id*.  Commerce similarly fails to show, through evidence on the record,

how cost data provided by Ta Chen in this review, if considered by the agency, would result in

double-counting.  Finally, Commerce suggests that an interested party may relieve the agency of

its duty to support a determination with substantial evidence if that party "does not and cannot

point to any record evidence demonstrating that Commerce's concerns regarding double-

counting are not applicable to this review."  *Id.* at 7.  It is well-established that Commerce, and

not an interested party, bears the burden of proof in these proceedings.  *See Matsushita Elec.*

*Indus. Co.*, 750 F.2d at 933.  Commerce must ensure the fairness of the price comparison

between foreign and domestic produced goods, 19 U.S.C. §§ 1677a(c)-(d), 1677b(a)(6)-(8), and

cannot fulfill that obligation without a more complete examination of its application of the

standard methodology to the facts of this case.

### III.  Conclusion

    For the foregoing reasons, the court holds that Commerce did not support the *Remand*

*Determination* with substantial evidence.  Accordingly, it is hereby

    **ORDERED** that Commerce provide a more rigorous analysis of the record facts in its

examination of whether the standard methodology adequately reflects the imputed costs incurred

by Ta Chen during the subject review.  More specifically, Commerce must more thoroughly

examine whether the costs used in the "total actual profit" and "total expenses" components of

the standard methodology account for Ta Chen's imputed costs under the facts of the agency

proceeding at issue; and it is further

       **ORDERED** that Commerce shall have until December 7, 2009, to file its remand results

with the Court.  Defendant-Intervenor shall file its response with the Court no later than January,

6, 2010.


Date:   <u>October 20, 2009</u>               <u>/s/ Judith M. Barzilay</u>
           New York, New York               Judith M. Barzilay, Judge

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                            Deputy Clerk